IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

           Plaintiff,                      ORDER

      v.                                  25-cr-29-wmc-1

CAMRON ANDREW PETE Jr.,

           Defendant.

---

A hearing on the probation office's petition for judicial review of Camron Andrew Pete Jr.'s supervised release was held on January 14, 2026, before U.S. District Judge William M. Conley. The government appeared by Assistant U.S. Attorney Steven Ayala. Defendant was present in person and by counsel William R. Jones. Also present was U.S. Probation Officer Michael W. Sutor.

## FACTS

From the record, I make the following findings of fact.

Defendant was sentenced in the Northern District of Iowa on November 2, 2016, following his conviction for prohibited person in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2), which is a Class C felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 120 months, to run concurrently with any term of imprisonment imposed in the Iowa District Court for Dubuque County, Case No. FECR117729, with a 3-year term of supervised release to follow.

Defendant began his original term of supervised release on November 20, 2024. On March 19, 2025, jurisdiction of his supervision was transferred from the Northern District of Iowa to the Western District of Wisconsin. On July 14, 2025, his term of supervised release was revoked, and he was sentenced to time served, to be followed by a two-year term of supervised release. His second term of supervised release commenced on July 14, 2025.

Defendant has since violated the mandatory condition of supervised release requiring him to be drug tested in accordance with 18 U.S.C. § 3583(d) and Special Condition No. 13 requiring him to abstain from the use of alcohol. Specifically, on July 18, 2025, defendant was enrolled in the remote alcohol detection program requiring him to submit to randomized tests and submit to a timely sample when prompted. Since enrolling in the program, defendant has had positive breathalyzer tests for alcohol on August 4, September 4, October 1, 5, and 18, November 15 and 27, and December 4, 10, 14, 26, and 28, 2025, as well as a positive urinalysis test for alcohol on September 26, 2025. Next, defendant missed random breathalyzer tests on July 26, September 14, 15, 21, and 23, October 5, 18, and 27, November 1, and December 7, 14, 25, and 26, 2025. In addition, defendant submitted late, follow-up tests after positive tests on October 1 and 18, November 15, and December 4, 10, 14, 25, and 26, 2025. Last, defendant submitted breathalyzer tests that were considered tampered on November 15 and 16, because the camera attached to the device to verify if defendant submitted the test was obstructed.

Defendant also violated: the mandatory condition prohibiting him from illegally

2

possessing a controlled substance and subjecting him to drug testing in accordance with 18 U.S.C. § 3583(d); Standard Condition No. 5 prohibiting him from purchasing, possessing, using, distributing, or administering any narcotic or other controlled substance, or any paraphernalia related to such substances, *or* using any product containing cannabidiol (CBD) or tetrahydrocannabinol (THC), expect as prescribed by a physician; *and* Special Condition No. 15 requiring his ongoing drug testing. Specifically, defendant used marijuana as evidenced by a positive drug test for THC at Rock Valley Community Programs (RVCP) on December 18, 2025. Furthermore, defendant attempted to defeat the drug testing program at RVCP by attempting to bribe the drug testing technician to not report his positive test results.

Defendant next violated: Standard Condition No. 1 requiring him remain in this judicial district without the permission of the court or his probation officer; and Standard Condition No. 6 requiring him not to visit places where defendant knows or has reason to believe controlled substances are illegally sold, used, distributed, or administered. Specifically, on December 14, 2025, defendant travelled to Dubuque, Iowa, without prior knowledge or permission from his supervising U.S. Probation Officer. While in Iowa, defendant was pulled over by the Dubuque Police Department with other passengers in his vehicle. During the traffic stop, officers arrested another passenger in defendant's vehicle for an active arrest warrant for unauthorized use of a credit card, as well as new criminal charges for possession of marijuana during the traffic stop. Defendant further admitted to law enforcement on December 14, 2025, that he had used marijuana earlier in the day.

Defendant violated Special Condition No. 15 requiring him to participate in a substance abuse evaluation and recommended treatment. Specifically, on July 15, 2025, defendant was referred to RVCP to complete a substance abuse evaluation. He failed to do this and never scheduled or completed the evaluation, although in September 2025, defendant did finally complete a substance abuse evaluation through Jefferson County Human Services (JC) and was recommended to participate in substance abuse treatment. As a result, his supervising U.S. Probation Officer instructed defendant to participate in treatment with JC and follow through with any recommendations. Unfortunately, defendant has not been attending treatment consistently since December 4, and missed a session on December 15. In fairness, on December 4, defendant did express interest to his Supervising Probation Officer in receiving more intensive treatment services (specifically, residential substance abuse treatment), who informed him that he would need to obtain health insurance to enroll in a residential substance abuse treatment program and provided him with resources to seek more intensive services. Defendant enrolled in health insurance benefits on December 15 and has been admitted to the Adult Residential Program at Tellurian in Monona, Wisconsin, starting on Thursday, January 22, 2026.

Finally, defendant violated Special Condition No. 20 requiring him to participate in a mental health referral, assessment, and treatment as approved by his Supervising Probation Officer and comply with all rules, regulations, and recommendations of the mental health agency or its representative to the extent approved by the Supervising Probation Officer. In particular, on September 26, defendant requested mental health,

agreed to modify his conditions, and on October 1, 2025, his conditions were modified to include Special Condition No. 20. Since then, defendant was referred to Hannah Psychological Services (HPS) to complete a mental health assessment, including being given a questionnaire to complete in order for HPS to schedule their assessment on November 18. However, defendant did not complete the questionnaire until December 8, and represents an assessment was completed on January 8, 2026, although no results have been received.

## CONCLUSIONS

Although defendant's violations warrant revocation, both the government and probation office support his diversion to treatment at Tellurian, and defendant has stipulated to the addition of Condition No. 21 consistent with that diversion.

## ORDER

IT IS ORDERED that this hearing is SUSPENDED for 90 days unless requested to be reinstate sooner by the Probation Office.

Entered this 14th day of January, 2026.

BY THE COURT:

_____
Honorable William M. Conley
U.S. District Judge

1/14/2026
Date

5